## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **JASON ABSHIER AND** | § | |
| **BARBARA YOUNGBLOOD,** | § | |
| **Plaintiffs,** | § | C.A. NO. H-06-2968 |
| | § | |
| vs. | § | |
| | § | |
| **JOHNSON CONTROLS, INC.;** | § | |
| **GARDNER ZEMKE; AND JACOBS** | § | |
| **ENGINEERING.** | § | |
| **Respondent.** | § | |

**United States Courts
Southern District of Texas
FILED**

**SEP 2 0 2006**

**Michael N. Milby, Clerk**

### ORIGINAL COMPLAINT

#### A. Parties

1.      Plaintiffs are Jason Abshier and Barbara Youngblood.

2.      Defendant Johnson Controls, Inc. is a corporation incorporated in a state other than the State of Texas, doing business in this judicial district and may be served through its registered agent for service of process in Texas, through C T Corporation System, 350 N. St. Paul, Dallas, Texas 75201.

3.      Defendant Gardner Zemke is a corporation incorporated in a state other than the State of Texas, doing business in this judicial district and may be served through its registered agent for service of process in Texas, through Choice Point Services, Inc., 1601 Rio Grand, Suite 500, Austin, Texas 78701.

4.      Defendant Jacobs Engineering is a corporation incorporated in a state other than the State of Texas, doing business in this judicial district and may be served through its registered agent for service of process in Texas, through C T Corporation System, 350 N. St. Paul, Dallas, Texas 75201.

#### B. Jurisdiction

5.      The court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

C. Venue

6.      Venue is proper in this district under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in Harris County, Texas, which is in this judicial district.

D. Facts

7.      Plaintiffs would show that on or about October 1, 2004, while working in the course and scope of his employment as an electrical contractor at the Johnson Space Center in Houston, Texas, Plaintiff Jason Abshier was seriously burned and injured when he made contact with an energized electrical-panel cover in Building 241. The electrical-panel cover was energized because a fastening device had penetrated an electrical cable.

8.      Upon information and belief, at all times relevant herein, Defendants were responsible for plant operations, maintenance, equipment maintenance, maintenance and operations support, and analysis and documentation for electrical systems at the Johnson Space Center.

9.      Defendants were negligent in that they failed to:

    a.      properly inspect the electrical panel in Building 241;

    b.      properly maintain said electrical panel in reasonably safe condition;

    c.      properly design, install and/or maintain safety devices in the electrical system;

    d.      warn Plaintiff Jason Abshier of the dangers in the electrical system.

10.     Each of the foregoing negligent acts and omissions, plus others that may be discovered before trial, whether taken singularly or in combination, was a proximate cause of the injuries suffered by the Plaintiff Jason Abshier.

11.     As a direct and proximate result of the negligence of Defendants, Plaintiff Jason Abshier was seriously injured.

E. Damages

12.     As a proximate result of Defendants' negligence, Plaintiff suffered severe injuries. As a result of his injuries, Plaintiff suffered the following damages:

    a.      Physical pain and mental anguish in the past and future;

2

b.      Lost earnings;

c.      Damage to earning capacity;

d.      Disfigurement in the past and future;

e.      Physical impairment in the past and future;

f.      Medical expenses in the past and future;

g.      Loss of household services in the past and future; and,

h.      Property damage.

### F.  Loss of Consortium

13.     Plaintiff Barbara Youngblood is and was at all times material hereto the common-law wife of Plaintiff Jason Abshier.  Plaintiff Barbara Youngblood's claims are derivative of the injuries and damages suffered by Plaintiff Jason Abshier.  Plaintiff Barbara Youngblood  seeks damages from Defendant for her loss of consortium and all damages permitted by law for the injuries to her spouse.

14.     As a result of the injuries sustained by Plaintiff Jason Abshier, his ability to administer to the needs of himself and his family and to attend to his customary household duties and occupations has been seriously impaired and in all reasonable probability, will continue to be so impaired far into the future, if not for the balance of his natural life.

15.     Plaintiff Barbara Youngblood will further show that she was the common-law wife of Jason Abshier on the date of the occurrence made the basis of this suit.  As a result of the negligence and/or fault of Defendant there has been a substantial impairment of the marital relationship between the Plaintiffs.  Accordingly, Plaintiff Barbara Youngblood  has sustained a serious loss of household services, consortium, and the affection, solace, comfort, companionship, society, assistance and sexual relationship that she previously received from her spouse, all to her damage in a sum exceeding the minimum jurisdictional limits of this court.

### G.  Prayer

16.     Plaintiffs request  that this Court award fair and just compensation in an amount exceeding $75,000.00, plus all interest, costs and attorney fees allowable by law, and such other and further relief that the Court may deem just and appropriate.

3

### H.  Jury Demand

17.    Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

PROVOST*UMPHREY, L.L.P.

_Michael H. Hennen_

MICHAEL H. HENNEN, Attorney in Charge
State Bar of Texas No. 00788964
1560 W. Bay Area Blvd., Suite 355
Friendswood, Texas 77546
Telephone:     281-461-9735
Facsimile:     281-461-7754

ATTORNEYS FOR PLAINTIFFS

4